1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES K. GOLDSMITH,

11            Plaintiff,                    No. CIV S-10-1995 EFB P

12        vs.

13   L. DAVIS, et al.,
                                           ORDER AND
14            Defendants.                  FINDINGS AND RECOMMENDATIONS

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  This action is before the undersigned pursuant to Eastern District of California

18   Local Rule 302(c)(17).  *See* 28 U.S.C. § 636(b)(1).  Presently before the court is defendants

19   Davis, Schiller, Herrera, and Teachout's ("defendants") motion to dismiss plaintiff's retaliation

20   claim for failure to exhaust administrative remedies pursuant to Federal Rules of Civil Procedure

21   ("Rule") 12(b).  Dckt. No. 16.  For the reasons stated herein, the undersigned recommends that

22   the motion be granted, and that plaintiff's retaliation claim be dismissed from this action without

23   prejudice.

24   ////

25   ////

26   ////

1

I.      **Background**

This action proceeds on plaintiff's July 27, 2010 complaint on claims that: (1) defendant Teachout was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment on July 27, 2009; (2) defendants Davis, Herrera, and Schiller used excessive force against plaintiff in violation of the Eighth Amendment on August 14, 2009; and (3) defendant Davis retaliated against plaintiff for complaining about the alleged excessive force by issuing a false rules violation report, and instructing to staff to conduct an unnecessary use of force interview, in violation of the First Amendment.  Defendants move to dismiss plaintiff's First Amendment retaliation claim on the ground that plaintiff failed to exhaust his administrative remedies prior to filing suit.

II.     **Exhaustion of Administrative Remedies Under The PLRA**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002).  To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested.  The grievance process, as defined by California regulations, has three

1   levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code

2   Regs. tit. 15, § 3084.7.  Administrative procedures generally are exhausted once a plaintiff has

3   received a "Director's Level Decision," or third level review, with respect to his issues or claims.

4   *Id.* § 3084.1(b).

5          Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731,

6   741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other

7   critical procedural rules[.]"  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  For a remedy to be

8   "available," there must be the "possibility of some relief. . . ."  *Booth*, 532 U.S. at 738.  Relying

9   on *Booth*, the Ninth Circuit has held:

10         [A] prisoner need not press on to exhaust further levels of review once he has
           received all "available" remedies at an intermediate level of review or has been
11         reliably informed by an administrator that no remedies are available.

12   *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

13         Although a motion to dismiss for failure to exhaust administrative remedies prior to filing

14   suit is normally brought under Rule 12(b) of the Federal Rules of Civil Procedure, when ruling

15   on such a motion requires the court to look beyond the pleadings in the context of disputed

16   issues of fact the court must do so under "a procedure closely analogous to summary judgment."

17   *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir. 2003).  Because care must be taken not to

18   resolve credibility on paper as it pertains to disputed issues of material fact, the undersigned

19   applies the Rule 56 standards to exhaustion motions that require consideration of materials

20   extrinsic to the complaint.  *See Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL

21   3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).

22         Defendants bear the burden of proving plaintiff's failure to exhaust.  *Wyatt*, 315 F.3d at

23   1119.  To bear this burden:

24         a defendant must demonstrate that pertinent relief remained available, whether at
           unexhausted levels of the grievance process or through awaiting the results of the
25         relief already granted as a result of that process. Relevant evidence in so
           demonstrating would include statutes, regulations, and other official directives
26         that explain the scope of the administrative review process; documentary or

3

testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

On February 10, 2011, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies as well as a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988); *Wyatt,* 315 F.3d at 1120, n.14.

## III.   Discussion

Defendants contend that plaintiff's retaliation claim should be dismissed because plaintiff submitted no grievances regarding defendant Davis's alleged retaliatory conduct before filing this lawsuit.  In support of their motion, defendants submit: 1) the declaration of L. Williams, Appeals Coordinator at California State Prison, Sacramento ("Williams Decl."); and 2) the declaration of D. Foston, the Chief of the Inmate Appeal Branch for the California Department of Corrections and Rehabilitation (CDCR) ("Foston Decl.").

Williams and Foston testify that from August 14, 2009 –  the date of the alleged use of excessive force –  through July 27, 2010 –  the date plaintiff commenced this action, plaintiff submitted four inmate appeals that were accepted for review by the inmate appeal system. Williams Decl. ¶ 3; Foston Decl. ¶ 6.  These are (1) Log No. 09-00509, (2) Log. No. 09-01436, (3) Log. No. 09-01577, and (4) Log. No. 10-00199.  Williams Decl. ¶ 3; Foston Decl. ¶ 6.  None of these appeals concerned plaintiff's claim that he had been retaliated against because he reported the August 14, 2009 alleged use of excessive force.  *See* Foston Decl., Ex. E (copy of Log. No. 09-00509) (wherein plaintiff complained in a group appeal about the recision of a photograph program for the general inmate population); Williams Decl., Exs. A (copy of  Log. No. 09-01436) (wherein plaintiff complained about the August 14, 2009 alleged use of excessive

4

force), Ex. B (copy of appeal Log. No. 09-01577) (wherein plaintiff complained about circumstances that allegedly resulted in him falling down stairs on July 27, 2009), Ex. C (copy of appeal Log. No. 10-00199) (wherein plaintiff complained about being placed on lockdown and requested that any gang affiliation be removed from his central file).  Since none of these appeals alerted prison officials that plaintiff's reporting of the August 14, 2009 alleged use of excessive force had subjected him to acts of retaliation, they did not exhaust plaintiff's administrative remedies as to that claim.  *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) ("a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought").

Foston also testifies that plaintiff filed three additional appeals during the relevant period of time, but that the Inmate Appeals Branch screened out those appeals.  Foston Decl. ¶ 8.  These appeals include a duplicate of Log. No. 09-01577, a staff complaint against an Officer Smith regarding the July 27, 2009 fall, and an appeal regarding "Program" that was screened out on July 29, 2010.  *Id.* at ¶ 8, Ex. D.  Because these appeals were not accepted for review and did not address plaintiff's alleged claim of retaliation, they too did not exhaust plaintiff's administrative remedies as to his retaliation claim.

Based on the foregoing, the court finds that defendants have satisfied their initial burden of proving plaintiff's failure to exhaust.  As discussed below, plaintiff, through his opposition brief, fails to create a genuine dispute as to whether he properly exhausted his retaliation claim.  Plaintiff contends that Log. No. 09-01436 exhausted his administrative remedies because of allegations he added to that appeal at the Director's Level of review.  *See* Dckt. No. 19 at 3-4, Ex. A.  As discussed above, Log. No. 09-01436 addressed the alleged use of excessive force on August 14, 2009.  *See* Williams Decl., Ex. A.  At the second level and Director's Levels of review, however, plaintiff added a claim that prison officials had retaliated against him by issuing a false rules violation report to "cover . . . up" the alleged use of excessive force.  *See* Dckt. No. 19, Ex. A; *see* Dckt. No. 1 at 19-23.  At the time plaintiff was pursuing his administrative remedies, however, CDCR regulations required that all appeals "be initially filed

5

and screened at the first level." *See* Cal. Code Regs. tit. 15, § 3084.5(b).[1]  Because plaintiff did

not include a retaliation claim when he initially submitted Log. No. 09-01436, and only added

that claim at subsequent levels of review, he failed to comply with CDCR's requirement of

presenting the claim at the first level of review.  Moreover, neither the second level nor the

Director's Level decisions addressed plaintiff's claim regarding the falsification of a rules

violation report.  *See* Williams Decl., Ex. A.  Accordingly, and as defendants submit in their

reply brief, plaintiff failed to properly exhaust administrative remedies for his retaliation claim

because he neither presented that claim at all levels of review, nor did he obtain a Director's

Level decision addressing that claim.  *See* Dckt. No. 20 at 3.

**IV.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a

district judge to this action.

Further, IT IS HEREBY RECOMMENDED that defendants' April 25, 2011 motion to

dismiss be granted, and that plaintiff's First Amendment retaliation claim be dismissed from this

action without prejudice.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

////

////

////

---

[1] Section 3084.5(b) has since been amended. *See* Cal. Code Regs. tit. 15, § 3084.5(b) (2011).  It is now section 3084.7(a), effective January 28, 2011, which requires that "[a]ll appeals . . . be initially submitted and screened at the first level . . . ."  Cal. Code Regs. tit. 15, § 3084.7(a).

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 6, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE